UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFEREY LASECKI,

    Plaintiff,

v.                                           CASE NO: 21-CV
                                           HON.:

BENZIE COUNTY, and MATTHEW WEAVER,
in his individual and official capacity,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **JEFFEREY LASECKI**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Benzonia, County of Benzie, State of Michigan.

2. Defendant Benzie County is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant Matthew Weaver is and/or was a police officer working and/or assigned to the Benzie County Sheriff's Office and at all times mentioned herein were acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Thompsonville, County of Benzie, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On July 28, 2019, Plaintiff was operating his motor vehicle on Thompsonville Highway near King Road, in Benzie County, Michigan.

10. Defendant Weaver was on duty when he observed Plaintiff's vehicle claiming to be traveling at a speed more than the posted speed limit.

11. Defendant Weaver was dressed in his Department issued uniform and driving his Department issued patrol vehicle.

12. Defendant Weaver effectuated a traffic stop of Plaintiff's vehicle.

13. Defendant Weaver approached Plaintiff and announced himself as a law enforcement officer and requested that Plaintiff produce his driver's license.

14. Plaintiff complied with Defendant Weaver's command, displaying his driver's license by holding the license out of his driver's side window and asked Defendant Weaver to write down the information contained thereon.

15. Despite Plaintiff's lawful actions, Defendant Weaver demanded repeatedly that Plaintiff hand over the driver's license.

16. Within forty (40) seconds of his initial approach of the vehicle, Defendant Weaver attempted to open Plaintiff's driver's side door.

17. Less than ten (10) seconds later, Defendant Weaver broke Plaintiff's driver's side window.

18. Less than sixty (60) seconds later after his initial approach of the vehicle, Defendant Weaver radioed to dispatch that Plaintiff was resisting and/or obstructing.

19. Defendant Weaver withdrew his department issued taser (stun gun) and pointed it towards Plaintiff.

20. Defendant Weaver then deployed his taser on Plaintiff multiple times.

21. Plaintiff tried to deflect the use of the taser and as a result was further attacked by Defendant Weaver.

22. Plaintiff was so afraid for his safety during the altercation that he called 911 to report the assault by Defendant Weaver.

23. Plaintiff was eventually placed under arrest by Defendants Weaver.

24. Plaintiff had violated no criminal law and there was no other lawful basis for his arrest by Defendants.

25. The incident was captured on Defendant Weaver's department issued dash camera.

26. Defendant Weaver fired his taser at Plaintiff at "point Blank" range.

27. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages including, but not limited to, physical harm to his arm, the physical pain of the electrical shock of the taser, embarrassment of his arrest, confinement against his will in county jail among individuals convicted of criminal offenses, and mental anguish associated with the psychological trauma resulting from Defendants' actions.

28. Plaintiff was charged in the 85th District Court for Benzie County with two felony counts of assaulting/resisting/obstructing a police officer, contrary to MCL 750.81d(1) and one felony count of fleeing and eluding fourth degree, contrary to MCL 257.602a(2).

29. At the preliminary examination on October 17, 2019, District Court Judge John Mead refused to bind Plaintiff over to circuit court and dismissed the criminal charges against Plaintiff.

## COUNT I- VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

30. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

31. At all times herein, the individual Defendant acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

32. Defendant violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff as well as, unlawfully searching and seizing Plaintiff.

33. The actions of Defendant was at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

34. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force and unlawful searches and seizures.

35. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II-
## COUNTY OF BENZIE CONSTITUTIONAL VIOLATIONS

36. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

37. Defendant Benzie County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

38. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant Benzie County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

39. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

40. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

41. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

                        Respectfully Submitted,
                        CHRISTOPHER TRAINOR & ASSOCIATES

                        **s/ Christopher J. Trainor**
                        CHRISTOPHER J. TRAINOR (P42449)
                        AMY J. DEROUIN (P70514)
                        Attorneys for Plaintiff
                        9750 Highland Road
                        White Lake, MI  48386
                        (248) 886-8650
                        shanna.suver@cjtrainor.com

Dated: January 29, 2021
CJT/sls

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFEREY LASECKI,

    Plaintiff,

v.                                                CASE NO: 21-CV
                                                HON.:

BENZIE COUNTY, and MATTHEW WEAVER,
in his individual and official capacity,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |
|---|---|

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, **JEFFEREY LASECKI,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                                          Respectfully Submitted,
                                          CHRISTOPHER TRAINOR & ASSOCIATES

                                          **s/ Christopher J. Trainor**
                                          CHRISTOPHER J. TRAINOR (P42449)
                                          AMY J. DEROUIN (P70514)
                                          Attorneys for Plaintiff
                                          9750 Highland Road
                                          White Lake, MI 48386
                                          (248) 886-8650
                                          shanna.suver@cjtrainor.com

Dated: January 29, 2021
CJT/sls